FILED
MAY 2 3 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

JS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| JAMES LEE WALTON<br>and<br>THE LUKE 14:28-29 GROUP, LLC<br>811 S. 49th Street, Suite 1<br>Philadelphia, PA 19143<br><br>Plaintiffs<br><br>v.<br><br>Pastor James Cymbala<br>17 Smith Street<br>Brooklyn, NY 11201<br>And<br>The Brooklyn Tabernacle<br>17 Smith Street<br>Brooklyn, NY 11210<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: 08cv2430<br><br>DOCKET NO. _____ 2007 |

## CIVIL ACTION COMPLAINT

### I. FACTUAL BACKGROUND

1. The Plaintiff James Lee Walton resides at 811 S. 49th Street, Suite 1, Philadelphia, PA 19143-3401.

2. The Plaintiff The Luke 14:28 – 29, LLC is a limited liability company, formed in the Commonwealth of Pennsylvania with a primary business residence at 811 S. 49th Street, Suite 1, Philadelphia, PA 19143-3401.

3. The Defendant Pastor James Cymbala is an individual who has a business residence at 17 Smith Street, Brooklyn, NY 11210.



4. The Defendant, The Brooklyn Tabernacle is a business entity whose primary residence is at 17 Smith Street, Brooklyn, NY 11210.

5. Jurisdiction in this case is based upon Diversity of Citizenship, wherein the Plaintiff is a citizen of the State of Pennsylvania and the Defendant is a citizen of the State of New York and the amount of the controversy exceeds the sum of $150,000.00, exclusive of interest and costs.

6. On or about May 5, 2006, an Agreement was signed on behalf of the Plaintiffs and Defendants, joint and severally with reference to providing certain financing transactions in connection with an Investment Banking Financial Consultant Fee Agreement, which was duly signed by Defendant James Cymbala individually and on behalf of Defendant The Brooklyn Tabernacle religious organization. Said Agreement is attached hereto as Exhibit "A".

7. The said Agreement was drafted and signed by all parties, in connection with financial sources, introduced and provided by the Plaintiffs to the Defendants, which would include but not be limited to Evangelistical Christian Credit Union (hereinafter "ECCU") and American Christian Credit Union (hereinafter "ACCU").

8. Subsequent thereto, on or about May 10, 2007, at a meeting in New York, wherein James Lee Walton, Lee Gillis and Rex Terrell were present, The Luke 14:28 – 29 Group LLC also that day, brought to introduce to the Defendants representatives of both ECCU and their affiliate ACCU, in the persons of Executive Vice President, Mark Johnson and Dennis Park; who advised that ECCU and ACCU are affiliates and had done co-ventures together in the past and that both were there because of both Plaintiffs and pursuant to the above agreement, Exhibit "A".

9. Accordingly, both ECCU and ACCU are both contacts of the Plaintiffs, who were introduced and presented to Defendants, under the aforesaid Consultant Fee Agreement, at that time.

10. That pursuant to said Investment Banking Financial Consultant Fee Agreement, specifically as per paragraphs 1. and 2. on page 2, the Plaintiffs were to be paid $200,000 of the total amount of $40,000,000, and that Defendant James Cymbala individually also received $750,000 for himself, individually.

11. As again stated at the New York meeting the Defendants would be charged an agreed upon a fee of 3.5% for this individual funding (which is the historical fee charge) and $250.00 for his application fee. This is all in connection and pursuant to all communications in connection with the above Agreements.

12. That since that date the Defendants have borrowed and received from the Plaintiffs contacts and referrals (as also confirmed by e-mails to Plaintiff's agent, Ms. Lee Gillis) the total sum of $40,000,000, plus an additional $750,000, as was discussed at Defendants' Church's meeting in New York on May 10, 2007.

13. Pursuant to the Agreement and all other communications my client has not received a telephone call, fax, e-mail or even a "thank you" card from the Defendants for the financial services that lead to the great financial and monetary benefits to the Defendants.

14. Accordingly, the Plaintiffs are owed, as follows:

| | | | | |
|---|---|---|---|---|
| 1) | $40,000,000 | @ 0.5% | = | $200,000 |
| 2) | $750,000 | @ 3.5% | = | $ 26,250 |
| 3) | Application fee | | | $    250 |
| | Total of | | | $226,500 |

3

15. The Plaintiffs, on numerous occasions, have attempted to collect on the above. The latest attempt being via Overnight Mail notification on December 11, 2007, pursuant to a letter dated December 11, 2007, which is attached hereto as Exhibit "B".

16. That the Plaintiffs have fulfilled all of the necessary conditions and terms of the Agreement between the parties in order to be entitled to the compensation, as set forth in Exhibit "A".

## COUNT I - BREACH OF CONTRACT
### James Lee Walton and The Luke 14:28 – 29, LLC v. Pastor James Cymbala and The Brooklyn Tabernacle

17. Plaintiffs herein incorporate, herein by reference, paragraphs 1. through 16. as if set forth in extenso.

18. The written contract, as set forth in Exhibit "A" constitutes the expressed Agreement between the Plaintiffs and the Defendants, which resulted in the Defendants receiving the benefit, as indicated above.

19. That the Defendants, joint and severally, have breached these Agreements, as they have failed to pay any compensation to the Plaintiffs for the services rendered, even though those services have been completed. That the sums were due the Plaintiffs, under the Agreements, and Defendants have failed to give the Plaintiffs a proper accounting thereof.

20. All conditions precedent to the maintenance of this action have been performed by the Plaintiffs or have otherwise occurred.

21. Plaintiffs are entitled to recover as damages all damages that are the natural and proximate result of the above-mentioned Breach of Contract by the Defendants, pursuant to the facts and circumstances of this case, in accordance with the aforesaid Agreements and authority as set forth above.

WHEREFORE, Plaintiffs prays that this Honorable Court enter an Order:

(1) Providing the Defendants with an accounting of the monies received and the financing commissions owed, pursuant to the above.

(2) That pursuant to the above, that judgment be entered against the Defendants, joint and severally for compensatory damages in excess of $150,000, exclusive of interest and costs, plus interest at the legal rate.

(3) Such other relief as the Court deems just and proper.

### COUNT II – QUANTUM MERUIT – UNJUST ENRICHMENT
### James Lee Walton and The Luke 14:28 – 29, LLC v. Pastor James Cymbala and The Brooklyn Tabernacle

22. Plaintiffs incorporate herein by reference their answers to paragraphs 1. through 21. as if set forth in extenso.

23. Plaintiffs performed the work and services pursuant to the above on the expectation of receiving monetary compensation and professional credit for Plaintiffs work and services.

24. The work and services performed by Plaintiffs benefited the Defendants in that Defendants would have had to perform this work and services but for the fact that this work and services were performed by Plaintiffs.

25. The Defendants would be unjust enriched if they were allowed to retain the fees, compensation or other monetary sums resulting from the work and services performed by the Plaintiffs without having to make a reasonable payment for the value of the benefits received by the Defendants resulting from Plaintiffs work and services.

26. Plaintiffs were not volunteers in rendering the services. The Defendants knew that Plaintiffs were entitled to compensation, based on the above.

27. In the unlikely event it is determined that no written, oral or express Agreement existed in fact or law between Plaintiffs and Defendants as alleged above, then Plaintiffs believe and therefore aver that they are entitled to a remedy in equity being the payment for the fair market value of Plaintiffs' services, in connection with and in accordance with the above.

28. That the above-mentioned work, labor and services performed by the Plaintiffs had a reasonable value in excess of $225,000 based upon the usual, reasonable and customary charges, costs and expenses charged by professionals in the Plaintiffs' field for this type of work and performance.

WHEREFORE, Plaintiffs, James Lee Walton and The Luke 14:28 – 29, LLC pray that judgment be entered against the Defendants, Pastor James Cymbala and The Brooklyn Tabernacle, joint and severally, for compensatory damages in excess of $150,000, exclusive of interest and costs, plus interest at the legal rate and such other relief as the Court deems just and proper.

_____
Jeffrey D. Servin, Esquire
Attorney ID #19958
1500 Market Street, 12th floor
East Tower, Centre Square
Philadelphia, PA 19102
Phone: 215-665-1212
Fax:   215-654-0357
Attorney for the Plaintiffs
James Lee Walton and
The Luke 14:28-29 LLC.

Date: 5/12/08

## **VERIFICATION**

The undersigned, having read the attached Civil Action Complaint, verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the document is that of counsel and not of signer. Signer verifies that he has read the within document and that it is true and correct to the best of his knowledge, information, and belief. To the extent that contents of the document are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa C.S. §4904 relating to unsworn falsification to authorities.

_____
James Lee Walton

Dated: 5/12/08

**EXHIBIT A**

# THE LUKE 14:28-29 GROUP, LLC.

*God's Way... The Only Way*

## INTERNATIONAL FINANCING AND CONSULTANTS PROGRAMS

JAMES L. WALTON, FOUNDER & CEO

MAILING ADDRESS:
811 S. 49TH STREET
SUITE # 1
PHILADELPHIA, PA 19143-3401
PHONE: 1-267-531-7727
FAX: 1-267-531-7726
CELLULAR: 1.215.715.3310

*NOTE: ALL FINANCIAL INFORMATION RECEIVED BY THE LUKE 14:28-29 GROUP, LLC., MUST BE VERIFIED BY YOUR CPA AND A TITLE SEARCH MUST BE CONDUCTED ON ALL PROPERTY THAT WILL BE USED AS COLLATERAL FOR YOUR PROJECT.

## FINANCIAL AND ADMINISTRATIVE CONSULTANT FEE AGREEMENT

## PRELIMINARY LOAN APPROVAL

AMOUNT $ <u>57,000,000.00</u>

DATE: <u>May 5, 2006</u>

Congratulations and welcome aboard. As a result of the timeliness in which your Church has provided us with needed Financial Information. We are happy to inform you that your Church, <u>Brooklyn Tabernacle</u>, and its' Pastor, <u>James Cymbala</u>, have been conditionally approved for a <u>57,000,000.00</u>, based on your Church's Financial Information that was received, to date, in your Application. This is an Agreement between, <u>Brooklyn Tabernacle</u>, and its' Pastor, <u>James Cymbala</u>, and The Luke 14:28-29 Group, LLC, Mr. James L. Walton, President & CEO, 811 S. 49TH Street, Suite #1, Philadelphia, PA 19143-3401.

Let it be the understanding of your Church, as named above and its' Pastor, <u>James Cymbala</u>, as named above, that The Luke 14:28-29 Group, LLC, James L. Walton and Rex Terrell, who will be personally administering all activities of the above named Church and its' Pastor, <u>James Cymbala</u>, on behalf of The Luke 14:28-29 Group, LLC (hereinafter known as "Consultant") will/has render(ed) the following services/information in the following manner:

1

## THE LUKE 14:28-29 GROUP, LLC

## THE LUKE 14:28-29 GROUP, LLC PROVIDE THE FOLLOWING SERVICES AS YOUR CONSULTANTS:
(All Services are Advisory, ONLY your Church has Total Control.)

### A. FINANCIAL CONSULTANT

1. Consultation of the Feasibility of Financing Capabilities of the Church.

2. Received and reviewed, **Brooklyn Tabernacle**, Information on our Financial Application for Such Loan Approval.

3. We have placed and filed your Church's Financial Application and previous loan information with a Qualified Established Lender.

4. Your loan will be all of the following:
   a) No Personal Official Church Member's Signatures required as Loan Guarantors
   b) No Pre-Payment Penalty
   c) Church's mortgage will be secured by it's own property only
   d) Funding usually received within 90 days or less
   e) Lender who will work with the Church Pastor and appointed personnel, to design the best possible Loan Package

Note: Our objective is to secure (1) overall lower interest rate, terms, and more favorable loan conditions for the Church, (2) the consolidation of all loans, (Church presently has 4 or more), into one loan with one lender. As stated to the Church's CFO and to Pastor, we will secure a favorable lender to meet the needs of the Church, now and in the future, regardless of being known or used in the past by the Church for financing. Over the past year the Church's loan package has been presented to many possible lenders. It is our intention to bring to the table several new loan proposals that the Church will not already have in black and white, (in a written contractual agreement or proposal).

### B.

The below indicated Retainer/Breaking of Escrow Fee for Consulting Financing Services shall automatically be deemed Non-Refundable upon issuance by a qualified and established lending source of its usual conditional financing commitment for the above organization's project, that must be signed and agreed upon by the Church (Brooklyn Tabernacle). **NO FEES DUE BY CHURCH IF THE CHURCH DOES NOT SIGN A LOAN AGREEMENT WITH LENDER.**

1. The Luke 14:28-29 Group, LLC consultant fee for Financial and Administrative and Consulting Services is, **0.5%** of the total amount borrowed and received for services for transactions of this type. In this case, the amount secured is $ **57,000,000.00**, which $ **285,000.00** would be our Consultant Fee. In the event said amount is raised or reduced, said fee will be so adjusted and placed on a New Contractual Agreement for your Organization. Please initial. _____

2. Consultant's Fee shall be made in three (3) payments as follows:

   a) Initial Fee        Due: A.S.A.P.                              $ 1.00 (Church Check)
                                                                    (Faxed)

   b) Retainer Fee       Due: Upon Church Signing                   $ 9,500.00
                         Lenders Loan Agreement

   c) Final Fee          At Loan Closing/Settlement                 $ 275,500.00
                         1 Payment Only

**THE ABOVE PAYMENT SCHEDULE REPRESENTS ALL FEES DUE CONSULTANT ON THIS LOAN.**

## THE LUKE 14:28-29 GROUP, LLC

SR (JW) 1. The first (a) initial fee of $1.00, is to be first faxed with this signed/initialed agreement, by a Church Official, (for the sake of time), to our office, our fax number is: (1-267-531-7726), then overnight by Federal Express with this total agreement to: James L. Walton, 811 S. 49th Street, Suite #1, Philadelphia, PA 19143-3401.

SR (JW) 2. The second (b) retainer/commission fees of $9,500.00, is to be wired upon the Church's signing of the Lenders Loan Agreement. It is at this time that the Church will fax to our office, proof of the bank wire transfer, our fax number is: (1-267-531-7726), This payment will be paid to: James L. Walton, Citizens Bank, 5801 Ridge Avenue, Philadelphia, PA 19128, Routing No. 036076150, Escrow Account #6200829725. If there are any questions upon reaching your bank please call my office, (267) 531-7727.

SR (JW) 3. The third (3) Final Consultant Commission Fee of $275,500.00 is to be paid via Bank Wire Transfer by the Lender, in accord with this agreement (item C on page 2). The Lender will use this signed agreement as authorization to make the final payment and deduct the cost of the wire from the amount due, according to this signed dated agreement. This final payment will be paid to: James L. Walton, Citizens Bank, 5801 Ridge Avenue, Philadelphia, PA 19128, Routing No. 036076150, Escrow Account #6200829725.

NOTE: The only funds put out by your Church (Before meeting with the Lender in person), in regards to this loan will be the initial retainer fee of $1.00 (a), The Luke 14:28-29 Group, LLC., will receive no additional payment/fee until the Church has signed an agreement with the Lender you will be doing this loan with through the efforts of Mr. James L. Walton and staff. Upon the successful completion of this loan we ask that for all future loans, that we be given first opportunity to provide the necessary funding. _____ (Initial) (JW) SR

Pastor/Church Official, please place your initials everywhere you see my initials, throughout this contractual agreement.

SR (JW) I have read and fully understand this contractual agreement for the financing of my Church's project:

*Stephen M Rhoads*
**PASTOR / CHURCH OFFICIAL**

*James L. Walton*
**JAMES L. WALTON, President & CEO**

*Brooklyn Tabernacle*
**NAME OF CHURCH**

*17 Smith Street Brooklyn NY 11201*
**ADDRESS**

*05.05.06*
**DATE**

3